1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7
8
9
10
11
12

| | |
|---|---|
| TIMOTHY ANDERS,<br><br>                                    Plaintiff(s),<br><br>     v.<br><br>SELECT PORTFOLIO SERVICING, INC., et<br>al.,<br><br>                                    Defendant(s). | Case No.2:25-CV-1131  JCM (DJA)<br><br>ORDER |

13
14
15
16

Presently before the court is defendant Select Portfolio Servicing, Inc. and defendant The Bank of New York Mellon (collectively "defendants")'s motion to dismiss.  (ECF No. 4).  Plaintiff Timothy Anders filed a response (ECF No. 7), to which defendants replied (ECF No. 10).

17

**I.       Background**

18
19
20
21
22

This case relates to a property dispute between plaintiff and defendants.  Plaintiff lived in a condominium in Las Vegas, Nevada for approximately 19 years.  (ECF No. 1, Ex. A at 2).  At some point, plaintiff and his homeowners' association (HOA) had a dispute regarding repairs to the condo.  (*Id.*).  Plaintiff stopped paying HOA dues and the HOA subsequently foreclosed on the condominium.  (*Id.*).

23
24
25
26
27

The complaint is unclear on the details, but it appears that plaintiff continued to reside in the condo after the foreclosure sale.  Eventually, plaintiff and his wife formed a corporation, Proper Properties, Inc., and the property was transferred from the HOA to the corporation.  (*Id.* at 3).  After the property had been transferred to the corporation, plaintiff believed he "owned his home free and clear, and [] resumed making his HOA payments."  (*Id.* at 3–4).

28

Plaintiff alleges that he later found out that his former attorney had misappropriated money

that was intended to purchase the property from the HOA and that he still owed money on a mortgage.  (*Id.* at 4).  Plaintiff then stopped making HOA payments "as he believed he had been defrauded."  (*Id.*).

Defendants then foreclosed on the property for a second time, and plaintiff disputes whether it was proper for them to do so.  (*See id.* at 4–8).  Plaintiff further alleges that defendants illegally entered the property and removed his belongings.  (*Id.* at 6).

Plaintiff initially filed suit in the Eighth Judicial District Court of Nevada and defendants properly removed the action to federal court.  (ECF No. 1).  Defendants then filed a motion to dismiss, which the court addresses now.  (ECF No. 4).

**II.    Service of process**

A.  Legal Standard

Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal when there is insufficient service of process.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process ... a court ordinarily may not exercise power over a party the complaint names as defendant.") (citations omitted).  Service of process is a procedural requirement that must be met before this court may exercise personal jurisdiction over a defendant. *Strong v. Countrywide Home Loans, Inc.*, 700 Fed. App'x 664, 667 (9th Cir.2017) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).  Service is to be provided under the law of the forum state.  *See* Fed. R. Civ. P. 4(e)(1).  The Nevada Rules of Civil Procedure provide that "[s]ervice upon the United States and its agencies, corporations, officers, or employees may be made as provided by Rule 4 of the Federal Rules of Civil Procedure."  Nev. R. Civ. P. 4.3(5).

Service by mail is not permitted under Nevada or federal law.  *Vaughn v. Nash*, 2018 WL 6055552, at *3 (D. Nev. Oct. 29, 2018); *Campbell v. Gasper*, 102 F.R.D. 159, 161 (D. Nev. May 18, 1984) (citation omitted) ('Service by mail, even if actually effected, does not constitute personal service.').  *See also* Fed. R. Civ. P. 4(e); Nev. R. Civ. P. 4.2.  Where service of process is insufficient, the district court has discretion to dismiss the action or to quash service.  *S.J. Issaquah Sch. Dist. No. 411*, 470 F.3d at 1293.   However, "[d]ismissal of a complaint is

1   inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.*

2   (citation omitted).  Finally, when opposing a Rule 12(b)(5) motion to dismiss, the plaintiff carries

3   the burden of establishing the validity of service.  *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th

4   Cir. 2004) (reversing the district court's denial of motion to set aside judgment for inadequate

5   service of process).

6           B.  Discussion

7           Here, plaintiff simply mailed the complaint and unexecuted summons to the business

8   addresses for defendants.  Because Nevada does not permit service by mail, the court finds service

9   insufficient.  Additionally, the summonses failed to comply with Nev. R. Civ. P. 4(a)(1)(F)–(G)

10  because they were not signed by the clerk and did not bear the court's seal.  (*See* ECF No. 4, Ex.

11  GG–HH).  The court recognizes that plaintiff is proceeding pro se; however, "all parties, including

12  parties proceeding *pro se*, are required to follow the Federal Rules of Civil Procedure and the Local

13  Rules."  *Edmisten v. Pickens*, No. 3:22-CV-00439-ART-CLB, 2024 WL 4041924, at *1 (D. Nev.

14  Sept. 4, 2024) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

15          While the court may grant leave to properly serve the defendants as requested by plaintiff,

16  the court does not find good cause to do so.  Good cause can be found when the party has made a

17  good faith effort to follow the rules when effectuating proper service.  *See Banks v. TransUnion,*

18  *LLC*, No. 221CV01580CDSDJA, 2022 WL 17721016, at *4 (D. Nev. Dec. 14, 2022) (finding

19  good cause where a pro se plaintiff, acting in good faith, believed that the grant of his in forma

20  pauperis application meant the U.S. Marshals Service would effectuate service on his behalf).

21  However, plaintiff simply asserts that his pro se status excuses his deficient service, and he requests

22  the court either deem the service sufficient or, in the alternative to grant leave.  The court does not

23  find this persuasive and thus denies any such request.  Accordingly, the complaint in its entirety is

24  dismissed.

25  **III.    Standing**

26          Although the complaint was dismissed due to plaintiff's insufficient service of process, the

27  court finds it appropriate to discuss plaintiff's standing issue as well since the parties have had

28  numerous legal disputes regarding the property prior to this.  (*See* ECF No. 4).

A. Legal Standard

The U.S. Constitution "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). "Standing to sue is doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016); *see also Lujan*, 504 U.S. at 560 ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.").

A plaintiff must demonstrate standing by establishing that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338 (citing *Lujan*, 504 U.S. at 560).

Lack of standing is "properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *Id.* "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

A "district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

In a factual attack, however, the court may review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of

1    establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036,

2    1039 n.2 (9th Cir. 2003) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989)).

3            Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing the

4    elements to satisfy Article III standing. *See Spokeo*, 578 U.S. at 338. "Where, as here, a case is

5    at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element." *Id.*

6    (alteration in original) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). If a plaintiff cannot

7    establish standing, then complaint must be dismissed under Rule 12(b)(1). *Raines v. Byrd*, 521

8    U.S. 811, 819 (1997).

9            B.    Discussion

10           Plaintiff's first cause of action alleges wrongful foreclosure. "To prevail on a wrongful

11   foreclosure tort claim, a plaintiff must prove that the foreclosing party did not have a legal right to

12   foreclose on the property." *Hines v. Nat'l Default Servicing Corp.*, 131 Nev. 1291 (2015) (citing

13   *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304 (1983)). "Therefore, the material issue

14   of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale

15   was exercised." *Collins*, 99 Nev. at 304. If the plaintiff cannot demonstrate that it was not in

16   default, then it cannot prevail on a claim for wrongful foreclosure. *Hines*, 113 Nev. at 1291(citing

17   *In re Mortg. Elec. Registration Sys., Inc.,* 754 F.3d 772, 785 (9th Cir. 2014)).

18           An underlying assumption in all wrongful foreclosure actions is that the plaintiff has—or

19   at the time of the foreclosure had—an interest in the property. *See, e.g.*, *Hines*, 131 Nev. 1291

20   (plaintiff secured a deed of trust on their house that was foreclosed on because plaintiff was in

21   default); *Michniak v. Argent Mortg. Co., LLC*, 128 Nev. 918 (2012) (plaintiff obtained a home

22   loan and defaulted on the loan leading to foreclosure); *Matz v. W. Progressive-Nevada, Inc.*, 575

23   P.3d 92 (Nev. App. 2025) (plaintiff executed a promissory note secured by a deed of trust and then

24   defaulted on the mortgage loan).

25           Here, plaintiff alleges defendants wrongfully foreclosed on the property on July 31, 2023,

26   while plaintiff was negotiating a loan modification. (*See* ECF No. 1 at 7; ECF No. 4, Ex. P).

27   However, the July 9, 2014, HOA foreclosure stripped any ownership plaintiff had in the property.

28   (ECF No. 4, Ex. G). Public records substantiate that plaintiff indeed has not owned the property

1   since 2014.[1]  Plaintiff asserts, and the court must take as true, that he and his wife are the sole

2   owners of Proper Properties, Inc.; the entity that owned the property from 2016 to 2023.  This

3   business entity may have standing to pursue any deficiencies in the foreclosure process, but that is

4   not the plaintiff before the court today.  Plaintiff, in his individual capacity, has not owned the

5   property in over a decade and thus lacks standing to sue for wrongful foreclosure or the other

6   property-based causes of action.[2]

7        Thus, plaintiff's wrongful foreclosure claim must be dismissed.  Likewise, plaintiff's

8   second and third causes of action are dismissed for the same reason.

9   **IV.    Conclusion**

10       Accordingly,

11       IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to

12  dismiss (ECF No. 4) be, and the same hereby is, GRANTED.  Therefore, this case is to be

13  DISMISSED with prejudice.

14       DATED November 19, 2025.

15

16  _____
    UNITED STATES DISTRICT JUDGE

17

18

19

20

21  _____

22  [1] The court may take judicial notice "of the records of state agencies and other undisputed matters of public
23  record," and the court does so here with the Clark County Assessor's records.

24       *See Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004); Clark
    County Assessor, Property Record for Parcel No. 163-12-110-002,
25  https://maps.clarkcountynv.gov/assessor/AssessorParcelDetail/ParcelHistory.aspx?instance=pcl2&parcel=16312110
    002 (last visited Nov 14, 2025).

26       [2] The court notes that it is well-settled law that business entities, such as corporations or limited liability
27  companies "may appear in federal court only through licensed counsel." *U.S. v. High Country Broad Co.*, 3 F.3d 1244,
    1245 (9th Cir. 1993), *citing, Rowland v. California Men's Colony*, 506 U.S. 194 (1993); *Federal Trade Commission
    v. Consumer Defense LLC*, Case No. 2:18-cv-0030-JCM-PAL, 2019 WL 8105900, at *1 (D. Nev. Jan 16, 2019);
28  *Mybusinessloan.com, LLC v. Sundance Fence & Iron LLC*, Case No. 15-cv-2298-BAS-JLB, 2016 WL 6124491, at
    *1 (S.D. Cal. Oct. 20, 2016).